UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INTERNATIONAL PARTNERS FOR ETHICAL CARE INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAY INSLEE et al., <br><br> Defendants. | CASE NO. 3:23-cv-05736-DGE <br><br> ORDER ON MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS (DKT. NO. 16) |

This matter comes before the Court on Plaintiffs' unopposed[1] motion for leave to proceed under pseudonyms. (Dkt. No. 16.) For the reasons discussed herein, it is hereby GRANTED.

On August 16, 2023, four sets of parents, along with two organizational plaintiffs, filed suit against Washington's Governor Jay Inslee, Attorney General Robert Ferguson, and

---

[1] Defendants filed a response to the Motion noting that, while they do not take a position on the merits, Plaintiffs have publicly discussed their views as it relates to their transgender children or personal religious beliefs on social media. (Dkt. No. 24 at 1–2.) Notwithstanding, the Plaintiffs' potential disclosures on social media does not disqualify them from protection in a litigation matter of public record.

ORDER ON MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS (DKT. NO. 16) - 1

Secretary of the Department of Children, Youth, and Families Ross Hunter.  (Dkt. No. 1.)  The Complaint challenges recently passed Washington state statutes that Plaintiffs assert unlawfully infringe upon their constitutional parental rights and religious beliefs.  (*Id.* at 5-19.)  The major focus is on the provisions related to gender-affirming treatment.  (*Id.* at 1) ("This lawsuit against Washington state officials is about whether a minor child who is receiving or even just seeking so-called 'gender-affirming' treatment—which includes services that alter body parts, prescribe life-altering medications, and other related things—showing up at a youth shelter, homeless shelter, or a host home, provides sufficient grounds to steamroll parental constitutional rights.").

The Ninth Circuit allows for the use of pseudonyms in the "'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'"  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir.1981)).  "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Id*. at 1068.  Where "pseudonyms are used to shield the anonymous party from retaliation," courts evaluate the necessity of anonymity with the following factors: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation."  *Id*. (internal citations omitted).

Plaintiff parents in this case wish to proceed under pseudonyms.  As to the Plaintiff parents who have transgender children (1A, 1B, 2A, 2B, 3A, and 3B), their identities track their children's identities, which means their children's identities can be readily surmised.  The potential harm to transgender children if their identities are exposed can be severe as they could

be exposed to retaliation by peers and the public. The transgender children's particular vulnerability makes these Plaintiff parents' fear of harm reasonable. *See generally Karnoski v. Trump*, 2017 WL 11431253 (W.D. Wash. 2017) (allowing a transgender woman in the military to proceed anonymously because of fear of retaliation with her military employer and fellow servicemembers). Thus, the anonymity of these parents' identities is necessary for the protection of the minor children.

As to the Plaintiff parents who do not have transgender children but seek to maintain anonymity based on their personal religious beliefs and the fear they may be "potentially subject to intense public hostility" (Dkt. No. 16 at 7), the issue of whether they should be allowed to maintain anonymity is a close one. However, the Court acknowledges that their children also may be subjected to retaliation by peers or the public because of their parents' participation in this lawsuit. And, undeniably, the issues raised in this litigation are of public interest, will garner publicity in the media, and could result in significant hostility towards the children through the parents. This would be in addition to the potential public hostility these Plaintiff parents may themselves face.

As a result, the Court concludes the facts and legal issues presented in this litigation present a sufficient "unusual case" such that "nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII*, 214 F.3d at 1067 (quoting *Doe*, 655 F.2d at 922 n.1).

The Court, therefore, GRANTS the motion to proceed under pseudonyms.

Dated this 25th day of October 2023.



David G. Estudillo

ORDER ON MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS (DKT. NO. 16) - 3

United States District Judge