UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INTERNATIONAL PARTNERS FOR ETHICAL CARE INC. et al.,<br><br>                    Plaintiff,<br>   v.<br><br>JAY INSLEE et al.,<br><br>                    Defendant. | CASE NO. 3:23-cv-05736-DGE<br><br>ORDER ON MOTION TO APPEAR AS AMICUS CURIAE (DKT. NO. 41) |

      This matter comes before the Court on Legal Counsel for Youth and Children's motion for leave to appear as amicus curiae. (Dkt. No. 41.)

      "The Court has broad discretion to grant or refuse a prospective amicus participation." *Washington v. United States Food and Drug Administration*, 2023 WL 2825861 (E.D. Wash. April 7, 2023). In deciding whether to grant leave to file amicus briefs, courts consider whether the briefing "supplement[s] the efforts of counsel, and draw[s] the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). "An amicus brief should normally be allowed when . . . the amicus has

an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide . . . . Otherwise, leave to file an amicus curiae brief should be denied." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (internal citations omitted).

Legal Counsel for Youth and Children ("LCYC") is a "a nonprofit organization that protects the interests and safety of youth, including homeless youth, in Washington by advancing their legal rights." (Dkt. No. 41 at 2.)  It argues its "mission advancing the legal rights of homeless youth is directly implicated in the Plaintiffs' challenge to legislation effecting the State's interest in the rights of those youth to access shelter, receive medical services, and reconcile with their estranged families."  It also contends its perspective "is particularly relevant to Plaintiffs' misinterpretation of the challenged legislation as depriving parents of notice should their children become homeless and report to an authorized shelter." (*Id*. at 3–4.)  None of the parties filed an opposition to the motion.

The Court finds that LCYC has an interest in matters that may be affected by the decision in the present case, and that it may have unique information or perspective that can help the Court beyond the help that the lawyers for the parties are able to provide.  The motion is therefore GRANTED and LCYC SHALL be permitted to proceed as Amicus Curiae and may file its amicus brief.

Dated this 5th day of February 2024.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO APPEAR AS AMICUS CURIAE (DKT. NO. 41) - 2