UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INTERNATIONAL PARTNERS FOR ETHICAL CARE, INC., et al., <br><br> Plaintiffs, <br> v. <br><br> JAY INSLEE, Governor of Washington, et al., <br><br> Defendants. | CASE NO. 23-05736 DGE-RJB <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT |

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 37). The Court has considered the documents filed in support of, and in opposition to, the motion, and the contents of the file.

The Washington State Legislature passed those laws that are of interest here: ESSB 5599, SHB 1406 and RCW 71.34.530. Plaintiffs disagree with those laws, as is their right. Plaintiffs' attempt to develop this lawsuit into a mechanism to attack those laws and declare them void, however, fails for lack of standing.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT - 1

To have standing to prosecute such claims, Plaintiffs - Plaintiff parents, International Partners for Ethical Care, Inc. ("IPEC"), and Advocates Protecting Children ("APC") - must establish Article III standing.

To establish Article III standing, Plaintiff parents must plead an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Plaintiff parents do not make such a showing. (*See* Dkt. 37 at 6-10 for a listing of Plaintiffs' allegations.) The Plaintiff parents fail to allege that the challenged laws actually injured them or will imminently injure them in a concrete and particularized manner. Their allegations rest on speculation and conjecture, which is insufficient to confer standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

Plaintiffs IPEC and APC must make a showing of "associational" standing or "organizational" standing. "An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). An organization has standing on its own behalf if it can show: (1) that the defendant's actions have frustrated its mission; and (2) that it has spent resources counteracting that frustration. *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1018 (9th Cir. 2013). An organization cannot manufacture an injury by incurring litigation costs or simply choosing to spend money fixing a problem that otherwise would not affect the organization at all. *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624

F.3d 1083, 1088 (9th Cir. 2010).  Plaintiffs IPEC and APC have not pled facts to justify a finding of associational or organizational standing.

In analyzing standing issues in this case, it is interesting to note that, in the prayer of Plaintiffs' Amended Complaint (Dkt. 34 at 64-67), Plaintiffs couched the harm suffered as "threatened" in paragraphs 1, 2, 3, 4, 5, 6, and 7.  The Plaintiffs' "speculative chain of possibilities" does not establish that injury based on these potential generalized threats is "certainly impending." *Clapper* at 414.  The Plaintiffs' "threats" alone do not show standing.

Couching Plaintiffs' claims in terms of the United States Constitution (Due Process, Free Exercise Clause, Free Speech, Vagueness, etc.) does not create standing when it is not adequately pled.  References to the Constitution do not show standing here.

Plaintiffs' pleadings have not alleged facts showing standing to sue, and on that basis, Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 37) should be **GRANTED** under Fed. R. Civ. P. 12(b)(1) and (6).

Further, the Plaintiffs, in response to the Defendants' first motion to dismiss, filed an Amended Complaint, which was the operative complaint for purposes of this motion.  Dkt. 34 and 46.  The Plaintiffs again have failed to articulate sufficient grounds to establish Article III standing.  Accordingly, dismissal of this case should be with prejudice and without leave to amend because further amendment would be futile.  *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that amendment would be futile so that there was no need to prolong the litigation by permitting further amendment).

**IT IS SO ORDERED**.  This case is hereby **DISMISSED WITH PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 15th day of May, 2024.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT - 4